IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SUNTRUST BANK, | * | |
| Appellant, | * | |
| v. | * | Civil Action No.: RDB 06-734 |
| GARCIA E. JOHNSON, | * | |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| IN RE: GARCIA E. JOHNSON, | * | U.S. Bankruptcy Court |
| | | No. 05-13865 |
| Debtor. | * | Adversary No. 05-1387 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

This case is before this Court on appeal from the Order of the United States Bankruptcy Court granting the motion of the Appellee, Garcia E. Johnson ("Johnson"), to convert his proceedings from Chapter 7 to Chapter 13. In response, the Appellant, Suntrust Bank ("Suntrust"), filed a motion to dismiss or reconvert the case to Chapter 7. The Bankruptcy Court held a confirmation hearing and found that Johnson's actions did not constitute bad faith to justify dismissal or reconversion. Accordingly, the Court denied Suntrust's motion to dismiss or reconvert and granted confirmation of Johnson's Chapter 13 plan.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a)(1) as Suntrust's appeal arises from a final order entered by the United States Bankruptcy Court and is brought pursuant to Local Rule 404.1(a) (D. Md. 2004). Oral argument is deemed unnecessary because the facts are essentially undisputed and the legal arguments are adequately presented in

the briefs and record.  The decisional process would not be significantly aided by oral argument.  *See* Local Rule 105.6 (D. Md. 2004); Fed. R. Bankr. P. 8012.  For the reasons stated below, the Order of the United States Bankruptcy Court is REVERSED and this matter is REMANDED to the Bankruptcy Court.

## BACKGROUND

The facts in this case are not in dispute and have either been agreed upon by the parties or clearly presented at the evidentiary hearing.  On January 18, 2003, the Appellee-Debtor, Garcia E. Johnson, promised and agreed to pay the Appellant, Suntrust Bank, the sum of $21,687.95 plus interest in accordance with a credit-sale contract.  To secure repayment of this debt, Johnson granted Suntrust a purchase-money-security interest in a 2003 Chevrolet truck ("the truck").  On August 11, 2003, Johnson reported to the Anne Arundel County Police Department that the truck had been stolen.  The truck was ultimately located and had been burned and destroyed.  As stipulated by Johnson's counsel below, Johnson pled guilty on May 7, 2004 in the Circuit Court of Maryland for Anne Arundel County to the offense of willful and malicious burning of that truck and fraud.  As a result of this criminal conviction, and Johnson's acknowledgment of criminal fraud, the insurer of the truck denied coverage and did not pay for the loss of this vehicle.

On February 22, 2005, Johnson filed petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 *et seq.*, seeking liquidation of assets.  Accordingly, a meeting of creditors was held on March 31, 2005.  It is undisputed by the parties that at this meeting Johnson stated that his truck had been stolen and burned, but his automobile insurer would not pay for that loss because of suspicions that he was involved in the theft and burning.  Indeed, Johnson indicated

that he had been charged criminally.  In order to obtain further information in this matter, Suntrust filed a Motion for an Examination of the Debtor Johnson, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.  When questioned about his truck at the examination, Johnson asserted his fifth amendment privilege against self-incrimination.  Ultimately, the fact of his criminal conviction for malicious burning and fraud was disclosed.

Based on this criminal conviction, pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, Suntrust instituted an adversary proceeding in the Bankruptcy Court by filing a complaint objecting to Johnson's discharge in bankruptcy based on his conviction.  Johnson did not file a response to this Motion by the June 11, 2005 deadline.  Suntrust then filed a Motion for Judgment by Default.  The Bankruptcy Court granted this Motion, thereby determining that Johnson's debt to Suntrust was non-dischargable in the Chapter 7 case.[1]  Within 11 days of the previous deadline, Johnson then filed a petition to convert his proceeding from a Chapter 7 liquidation proceeding to a Chapter 13 reorganization, pursuant to 11 U.S.C. § 1301 *et seq.*  The Bankruptcy Court granted this petition.  Subsequently, Suntrust moved to dismiss the case or reconvert the case back to a Chapter 7 proceeding on grounds that Johnson lacked good faith in attempting to convert his proceedings.

On February 15, 2006, the Bankruptcy Court conducted a hearing on the motion of Suntrust to reconvert the petition to a Chapter 7 proceeding.  The Court specifically addressed the question whether Johnson's previous filing under Chapter 13 was proposed in good faith.

---

[1] The Bankruptcy Code specifically provides that a debtor is not discharged from any debt for "wilful and malicious injury by the debtor. . . ." 11 U.S.C. § 523(a)(6).  It further provides that a debtor is not discharged if he fails to explain satisfactorily any loss of assets. 11 U.S.C. § 727(a)(5).

The Bankruptcy Court specifically held, as a matter of law, that Johnson had an absolute right to convert his case from a Chapter 7 to a Chapter 13 if it had not been previously converted. The Court then found, as a factual matter, that, except for Johnson's pre-petition conduct of fraud and his criminal conviction, there was no other evidence of bad faith with respect to the preparation of his Chapter 13 petition. Accordingly, the Bankruptcy Court ordered that the Chapter 13 plan be confirmed. An Order was entered on February 17, 2006 denying Suntrust's motion to dismiss or reconvert the proceedings to a Chapter 7. This appeal followed.

## STANDARD OF REVIEW

This appeal is brought pursuant to Rule 8001 of the Federal Rules of Bankruptcy Procedure. On appeal from the Bankruptcy Court, this Court acts as an appellate court and reviews the Bankruptcy Court's finding of fact for clear error, *see* Fed. R. Bank. P. 8013, and its conclusions of law *de novo*. *Devan v. Phoenix American Life Ins. Co.* (*In re Merry-Go-Round Enterprises, Inc.*), 400 F.3d 219, 224 (4th Cir. 2005) (citation omitted); *Kielisch, et al. v. Educational Credit Management Corp., et al.* (*In re Kielisch*), 258 F.3d 315, 319 (4th Cir. 2001) (citation omitted). A factual finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). The district court may affirm, modify, or reverse a bankruptcy judge's order, or remand with instructions for further proceedings. *See* Fed. R. Bankr. P. 8013.

## DISCUSSION

The initial issue on this appeal is whether Section 706(a) of the Bankruptcy Code gives the debtor an "absolute right to convert" from a Chapter 7 to a Chapter 13 proceeding, as held by

the Bankruptcy Court. As has been noted by the United States Court of Appeals for the First Circuit, this question presents "a pure issue of law, engendering *de novo* review." *Marrama v. Citizens Bank of Mass.* (*In re Marrama*), 430 F.3d 474, 477 (1st Cir. 2005), *cert. granted*, ___ U.S. ___, 126 S.Ct. 2859 (2006). In *Marrama*, now on appeal to the United States Supreme Court, the First Circuit addressed this precise issue.[2] *Id*. The conclusions reached by the First Circuit in the *Marrama* decision are discussed in detail below.

Section 706(a) of the Bankruptcy Code specifically provides:

> The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

11 U.S.C. § 706(a). There has been a clear split of authority as to whether the right of conversion pursuant to § 706(a) is an absolute right, or whether it is subject to the bad faith exception as reflected in the Bankruptcy Code's anti-abuse provision set forth in 11 U.S.C. § 105(a).[3] *Compare In re Kuhn*, 322 B.R. 377, 395 (Bank. N.D. Ind. 2005) (holding that "that 11 U.S.C. § 706(a) does *not* provide a debtor with an absolute right to convert a Chapter 7 case to a case under Chapter 13") (emphasis in original); *In re Sharkey*, 179 B.R. 687, 699 (Bankr. N.D.

---

[2] Oral argument was presented to the Supreme Court in this matter on November 6, 2006. *See In re Marrama*, 2006 WL 3230268, No. 05-996 (2006) (transcript of oral argument).

[3] Section 105(a) provides in relevant part:

> No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an *abuse of process*."

11 U.S.C. § 105(a) (emphasis added).

Okla. 1995) (concluding that "[t]here is no substantial merit to the proposition that conversion [from Chapter 7 to Chapter 12] is an 'absolute right'"); *with Pequeno v. Schmidt* (*In re Pequeno*), 307 B.R. 568, 579 (S.D. Tex. 2004) (debtor has absolute right to convert from Chapter 7 to Chapter 13), *aff'd*, 126 Fed. Appx. 158, 2005 WL 513466 \*\*4 (5th Cir. Mar. 4, 2005) (unpublished); *In re Krishnaya*, 263 B.R. 63, 69 (Bankr. S.D.N.Y. 2001) (finding that the "right to convert [from Chapter 7 to Chapter 13] is presumptive and nearly absolute"); *In re Porras*, 188 B.R. 375, 377 (Bankr. W.D. Tex. 1995) (concluding that the debtor possesses an "'absolute right to convert his or her case to chapter 11 or chapter 13").

This split of authority, as reflected in bankruptcy court and district court opinions, is also reflected in courts of appellate review. The United States Court of Appeals for the Sixth Circuit in *Copper v. Copper* (*In re Copper*), 426 F.3d 810 (6th Cir. 2005) recognized that the specific language of Section 706(a) of the Bankruptcy Code would seem to qualify a right to convert in the case of extreme circumstances. The Tenth Circuit in *Mason v. Young* (*In re Young*), 237 F.3d 1168 (10th Cir. 2001) did not discuss the plain meaning of Section 706(a). However, in *Miller v. United States Trustee* (*In re Miller*), 303 B.R. 471 (BAP 10th Cir. 2003), the United States Bankruptcy Appellate Panel of the Tenth Circuit found the right of conversion to be absolute.

The First Circuit in *Marrama* conducted a thorough analysis of Section 706(a) and the legislative intent of conversion in its enactment. *See Marrama*, 430 F.3d at 477-81. The *Marrama* court noted the opinion of the United States Court of Appeals for the Fourth Circuit in *Finney v. Smith* (*In re Finney*), 992 F.2d 43 (4th Cir. 1993) in support of its ultimate conclusion that there is not an absolute right of conversion from Chapter 7 to Chapter 13. *See Marrama*, 430 F.3d at 478. Furthermore, the brief of the National Association of Bankruptcy Trustees as *amicus*

*curiae* submitted to the Supreme Court in connection with the *Marrama* appeal cited the Fourth Circuit opinion in *Finney* for the proposition that the Fourth Circuit declined to rule on whether the right to convert under Section 706(a) is absolute.[4]  The Fourth Circuit's opinion in *Finney* warrants further scrutiny.

In the *Finney* case, the District Court had affirmed the Bankruptcy Court's denial of a debtor's motion to convert his Chapter 7 bankruptcy to a Chapter 11 proceeding.  The District Court had further held, as a matter of law, that a bankruptcy court, may, in its discretion, deny a Section 706(a) motion upon finding that immediate reconversion from Chapter 11 to Chapter 7 is appropriate under 11 U.S.C. § 1112(b).  *See Finney*, 992 F.2d at 44.  Ultimately, the District Court remanded the matter to the bankruptcy court for further fact-finding.  *Id*.  On appeal, the Fourth Circuit noted that the District Court had reasoned that the Bankruptcy Court could *sua sponte* order a reconversion under its equitable power as a result of the anti-abuse provisions of Section 105(a).  *Id*. at 45.  The Court specifically noted the debtor's misconduct in the Chapter 7 proceedings.  *Id.*  In affirming the District Court, the Fourth Circuit in the *Finney* case noted the debtor's initial right to a Section 706(a) conversion, but also noted the equitable powers of the court pursuant to Section 105(a) to order an immediate reconversion to Chapter 7 pursuant to 11 U.S.C. § 1112(b).  *Id*.

The Fourth Circuit in the *Finney* case noted some split in authority on the right of a Section 706(a) conversion, but noted that the "majority" approach adopted by the District Court permitted the initial right of conversion.  *See id*. at 44-45.  The Court expressly noted that it

---

[4] *See* Brief for the Nat'l Ass'n of Bankr. Trustees as *Amicus Curie* Supporting Respondent at 16, *In re Marrama*, 2006 WL 2805034, No. 05-996 (2006).

expressed "no opinion on what circumstances, if any, would justify invocation of § 105(a) to deny a § 706(a) motion outright." *Id*. at 45.  However, the Fourth Circuit held that the debtor's fraud during his Chapter 7 proceedings, as well as his "resort to the Section 706(a) motion only after his discharge was denied, are reasonably read as constituting abuse of process sufficient to trigger § 105(a)." *Id*.  The Court further held that while the action of the debtor in those cases did not justify an "equitable override of his 'one time absolute right' to convert the case under § 706(a)" these actions did justify the Bankruptcy Court's "*sua sponte* consideration of whether immediate reconversion under § 1112(b) is appropriate." *Id*.

Based on this Court's review of the Fourth Circuit's opinion in *Finney*, it appears that the First Circuit in the *Marrama* case may have accorded the *Finney* opinion a slightly over-broad summary.  *Cf. Marrama*, 430 F.3d at 478.  However, the Fourth Circuit has certainly recognized the inherent powers of the court under Section 105(a) and the anti-abuse provisions of the Bankruptcy Code.  While the Fourth Circuit declined to specifically rule on the precise issue whether Section 706(a) provides an absolute right to convert, it is clear that the Fourth Circuit recognized the inherent equitable powers of the court under Section 105(a) to order an immediate reconversion to prevent abuse of the bankruptcy process.

In this case, the Bankruptcy Court clearly held that there was an absolute right of the debtor to convert his Chapter 7 proceeding to a Chapter 13 proceeding regardless of his criminal conviction and acknowledgment of having committed fraud on the insurance carrier.  As a result of this ruling, the Bankruptcy Court only conducted a good-faith analysis with respect to the debtor's Chapter 13 plan.  In conducting this analysis, the Bankruptcy Court certainly applied the principles set forth by the Fourth Circuit in its earlier opinions in *Deans v. O'Donnell*, 692 F.2d

968 (4th Cir. 1982) and *Neufeld v. Freeman*, 794 F.2d 149 (4th Cir. 1986).  However, the good-faith analysis was conducted by the Bankruptcy Court only in the context of a review of the Chapter 13 reorganization plan.  Indeed, the Bankruptcy Court found that Johnson's conduct and guilt in the theft and destruction of his vehicle was egregious behavior.  The Bankruptcy Court did not conduct any good-faith analysis with respect to the motivations of the debtor Johnson or his strategy in converting to a Chapter 13 after the debt became non-dischargable in the Chapter 7 proceedings in light of his clear fraud.  It is clear from the record in this case that the Bankruptcy Court, in holding that there was an absolute right of conversion under Section 706(a), did not conduct any good-faith analysis as to the Petitioner's pre-petition conduct.

The issue of the scope of Section 706(a) is now before the Supreme Court in *Marrama*.  However, under present Fourth Circuit authority, the Bankruptcy Court erred in this case as a matter of law with respect to its inherent power and the scope of its review.  As a result of its ruling that there was an absolute right of conversion under Section 706(a), the Bankruptcy Court below did not conduct a sufficient good-faith analysis.  The Court erred as a matter of law in not applying its powers of review with respect to abuse of process under Section 105(a) as recognized by the Fourth Circuit in the *Finney* case.  Accordingly, its analysis was insufficient as a matter of law.

Having been convicted of criminal insurance fraud, the debtor Johnson sought the protection of the bankruptcy laws in the filing of his initial Chapter 7 petition.  Faced with the clear ruling of the Bankruptcy Court that his debt to Suntrust was non-dischargable because of this criminal conduct, Johnson then sought to further utilize protection of the bankruptcy laws by seeking a conversion to a Chapter 13 reorganization.  The inherent powers of the Bankruptcy

Court under Section 105(a) should have been exercised to prevent him from seeking refuge in the bankruptcy process.  Absent a ruling by the Supreme Court in the pending *Marrama* decision, the inherent powers of the Bankruptcy Court under Section 105(a) must be utilized to prevent such a fraud upon the Court.

## CONCLUSION

Accordingly, for all of the foregoing reasons, the decision of the Bankruptcy Court is REVERSED and this matter shall be REMANDED to the Bankruptcy Court.  This Court suggests that the Motion of Suntrust to dismiss the Chapter 13 proceeding and reconvert the matter to a Chapter 7 proceeding be stayed by the Bankruptcy Court pending a ruling by the Supreme Court in the *Marrama* decision.  Upon the decision of the Supreme Court, that stay should then be lifted and the Bankruptcy Court should then conduct further proceedings consistent with the principles set forth by the Supreme Court in its decision.[5]  A separate Order follows.

December 4, 2006                                           /s/
                                                           Richard D. Bennett
                                                           United States District Judge

---

[5] In the event that the Supreme Court holds that there is an absolute right of conversion under Section 706(a), the Bankruptcy Court can enter the appropriate order.  In the event that the Supreme Court holds that there is no absolute right of conversion, the Bankruptcy Court can conduct an analysis with respect to the Debtor Johnson's pre-petition criminal conduct and determine whether there has been an abuse of process under Section 105(a).